IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

PEBBLE LIMITED PARTNERSHIP, )
)
Plaintiff, )
)
vs. )
)
UNITED STATES ENVIRONMENTAL )
PROTECTION AGENCY, )
) No. 3:14-cv-0199-HRH
Defendant. )
_____)

O R D E R

Motion for Summary Judgment; Partial Disposition

Defendant moves for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure.[1] The motion is opposed. Oral argument has not been requested. The court sought and has received and considered the parties' comments[2] on a tentative disposition of defendant's motion for summary judgment, which was distributed August 4, 2015.[3]

This is an action brought pursuant to the Freedom of Information of Act (FOIA), 5 U.S.C. § 552. Plaintiff's FOIA request seeks information having to do with its plans for a very large mining project: development of the Pebble Deposit or Pebble Project. In Pebble Ltd. Partnership v. Environmental Protection Agency, No. 3:14-cv-00171-HRH,

---

[1]Docket No. 34.

[2]Docket Nos. 51 and 52.

[3]Docket No. 50.

the "-0171 case," Pebble and the EPA disagree sharply over the EPA's initiation of proceedings pursuant to 33 U.S.C. § 404(c) in advance of any application by Pebble for a Title 33 dredge-and-fill permit. In particular, in the -0171 case, Pebble contends that the defendants have violated the Federal Advisory Committee Act ("FACA"), 5 U.S.C. App. II, § 1, et seq. In its motion for summary judgment in this case, EPA contends that it has complied with its FOIA obligations. Plaintiff disagrees. There are two, over-arching issues presented by EPA's motion for summary judgment: first, the adequacy of EPA's search for responsive documents and, second, the assertion by EPA of FOIA Exemptions 5 and 6 with respect to certain documents. 5 U.S.C. § 552(b)(5) and (b)(6).

Adequacy of Search

The search undertaken by the EPA is fully described in the affidavit of David Allnutt,[4] EPA's Director of the Office of Ecosystems, Tribal and Public Affairs. Appended to his declaration is voluminous documentation supporting his description of the search the EPA undertook. Mr. Allnutt amplifies his explanation of EPA's search by a supplemental declaration.[5] After the EPA's initial disclosures and interaction between the parties, additional documents were discovered and the additional documents were produced. Negotiations between the parties continued, and a possible source of further records was located.[6]

Plaintiff contends that EPA's search parameters were inadequate. The court is unpersuaded. The interactions between plaintiff and various EPA personnel were broad and extensive. EPA had no central or uniform regime for the perpetuation of the kind of

---

[4]Docket No. 36.

[5]Docket No. 43.

[6]Id., ¶¶ 9-11.

records plaintiff seeks. The Allnutt declarations show that EPA's search was appropriately designed to retrieve relevant information from the various files maintained by EPA employees who were the subject of plaintiff's request. The fact that EPA's Mr. North may have rendered some of his communications inaccessible due to encryption may require further attention in the -0171 case; but that circumstance does not render EPA's search inadequate.

The fact that over time EPA located and released additional documents subsequent to its initial response to plaintiff's FOIA request does not undermine the court's confidence in the search undertaken by the EPA. On the contrary, the fact that the EPA continued to work cooperatively with representatives of Pebble reassures the court that the EPA did not purposefully withhold any records that should have been made available.

Plaintiff points out that the EPA's responses did not include any emails from former EPA Administrator Jackson's or Phillip North's personal email accounts. But the Allnutt declaration shows that the EPA's search of its records included communications of former employees.[7] If Jackson or North used personal facilities to send email or other communications to an EPA account, those communications would have been captured by the EPA's search. On the other hand, if Jackson or North employed personal email accounts to communicate with someone else's personal email account about the Pebble project, the EPA search would not have captured such communications. Such communications, existing exclusively on private servers, are not within the EPA's possession, and the EPA cannot be said to have withheld documents not within its possession. See Kissinger v. Reporters Comm. for Freedom of the Press, 445 U.S. 136, 150-51 (1980).

---

[7]Allnutt Declaration (Apr. 17, 2015) at ¶¶ 11-14, 28, Docket No. 36.

Order – Motion for Summary Judgment; Partial Disposition - 3 -

Plaintiff contends that the court should permit discovery to test the adequacy of the EPA's search. The court finds that the EPA's search parameters were adequate and the search has been ongoing. As Pebble recognizes, discovery in FOIA cases is sparingly granted, and "may be granted if a plaintiff has made a sufficient showing of the agency acting in bad faith, raised a sufficient question of an agency's good faith, or when a factual dispute exists and a plaintiff questions the affidavits submitted by the agency." Bangoura v. U.S. Dep't of Army, No. Civ. A. 05-0311, 2006 WL 3734164, at *3 (D.D.C. Dec. 8, 2006).

The EPA's presentation constitutes a prima facie showing of adequate response to Pebble's FOIA request. However, if prior to entry of final judgment in this case, defendant has identified in the -0171 case additional documents responsive to Pebble's FOIA requests, those documents shall be produced for purposes of this case, irrespective of whether they are subject to disclosure or production for purposes of the -0171 case. Pebble has not come forward with evidence of bad faith or a countervailing showing that undermines the court's confidence in the adequacy of EPA's search. Except as discussed below, plaintiff's request for discovery is denied.

## FOIA Exemptions

FOIA exempts from its reach: "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency" and "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy[.]" 5 U.S.C. § 552(b)(5) and (b)(6). Subsection (b)(5) is ordinarily referred to as the deliberative process privilege, and the EPA has segregated documents as to which it claims this privilege. As a proposed resolution to the parties' disagreement about the deliberative

process exemption, EPA offers to submit to the court for in camera review unredacted versions of the documents described in EPA's Vaughn index.[8]  Similarly, plaintiff contends that the court should review the withheld documents in camera.[9]

In their comments with respect to the court's tentative decision, the parties have refined their proposals with respect to in camera examination of documents as to which defendant claims a privilege.  The court understands that the Vaughn index includes 247 documents, 130 of which were withheld in full and 117 or 118 were redacted.  Defendant suggests that the court employ a sampling process (a random selection of 10% of the withheld documents) with the expectation that the parties could extrapolate from a ruling on the sample of documents a resolution of all 247 documents.  In the -0171 case, Pebble has sought the production of 118 documents (which the court understands to be on the Vaughn list) that were produced for purposes of this case in redacted form.  Pebble would have the court resolve the parties' disagreements as to the partially redacted documents, again with the expectation that those resolutions could be extended to effect a resolution as to other disputed documents on the Vaughn list.

Encouraged by the suggestions of the parties that a privilege ruling on some of the documents could be extrapolated to resolve other disputes, the court will undertake an in camera review from the Vaughn list in the following fashion.

(1) The court will deal first with the 118 documents which are the subject of Pebble's production requests in the -0171 case.  However, the court will do so in the context of this FOIA case; and the court's

---

[8] Memorandum of Law in Support of Defendant's Motion for Summary Judgment, n.10, page 41 of 53, Docket No. 35.

[9] Opposition to Motion for Summary Judgment, page 53 of 62, Docket No. 39.

ruling will (without more from the parties) be extended to the -0171 case production requests.

(2) The documents which are to be examined by the court <u>in camera</u> shall be submitted in both redacted and unredacted form. Those documents shall be submitted to the court <u>in camera</u> at the same time that defendant responds to Pebble's production requests in the -0171 case. (To the extent that defendant agrees to production without redaction of any of the 118 documents, they will obviously drop out of the review process.)

(3) The court supposes that there will surely be a substantial number of documents as to which defendant claims FOIA Exemption 5. Therefore, counsel shall confer and, no later than the date on which documents are to be delivered to the court <u>in camera</u> for review, propose a briefing schedule for resolution of the FOIA Exemption 5 claims.

(4) As to <u>Vaughn</u> index documents withheld in their entirety, counsel will please discuss defendant's sampling proposal with a view to including in defendant's submission of documents for <u>in camera</u> review (and briefing) a representative number of such documents that have been withheld on the basis of FOIA Exemption 5.

After considering the parties' comments on its tentative disposition, the court concludes that it will be preferable to resolve the <u>Vaughn</u> index, FOIA Exemption 5 issues in this case prior to entry of a final judgment. However, it is the court's intention

to extend its privilege rulings to Pebble's pending production request in the -0171 FACA case.

With respect to FOIA Exemption 6, that matter was not raised in Pebble's complaint, nor is it addressed in its response to the EPA's motion for summary judgment. The court understands the matter to have been dropped.

## Conclusion

Defendant's motion for summary judgment is granted except as to the 5 U.S.C. § 552(b)(5) issue. Counsel and the court shall proceed with the FOIA Exemption 5 issues as set out above. This partial disposition of defendant's motion for summary judgment is without prejudice to discovery relevant to the -0171 FACA case.

Dated at Anchorage, Alaska, this  24th  day of August, 2015.

/s/ H. Russel Holland
United States District Judge