IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

PEBBLE LIMITED PARTNERSHIP,  )
                                                                      )
                         Plaintiff,  )
                                                    )
     vs.  )
                                                      )
UNITED STATES ENVIRONMENTAL  )
PROTECTION AGENCY,  )
                                                      )     No. 3:14-cv-0199-HRH
                         Defendant.  )
_____)

O R D E R

Motion for Miscellaneous Relief

Defendant moves for summary judgment that it properly withheld documents in response to plaintiff's FOIA request pursuant to FOIA Exemption 5 and for an order that it properly asserted the deliberative process privilege in response to plaintiff's discovery request in Case No. 3:14-cv-0171-HRH.[1] This motion is opposed.[2] Oral argument was requested[3] but is not deemed necessary.

---

[1]Docket No. 61.

[2]Docket No. 67.

[3]Docket No. 70.

-1-

Background

Plaintiff is the Pebble Limited Partnership. Defendant is the United States Environmental Protection Agency.

In the -171 case, plaintiff alleged the defendants formed three advisory committees to assist the EPA "in developing and implementing an unprecedented plan to assert EPA's purported authority under Section 404(c) of the federal Clean Water Act ... in a manner that will effectively preclude [p]laintiff from exercising its right through the normal permit process to extract minerals from the Pebble Mine deposit in Southwest Alaska."[4] Plaintiff alleged that these three committees were formed in violation of the Federal Advisory Committee Act (FACA), 5 U.S.C. app. 2 §§ 1-16. In response to plaintiff's request for production, the defendants produced 118 documents in redacted form, claiming a deliberative process privilege as to some of the documents. Plaintiff contends that the defendants should have produced the documents in unredacted form.

The instant action is brought pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552. In its January 22, 2014 FOIA request, plaintiff sought information having to do with its plans to develop the Pebble Deposit. Plaintiff alleges that defendant improperly withheld documents pursuant to FOIA Exemption 5, the deliberative process

---

[4]First Amended Complaint for Declaratory and Injunctive Relief at 2, ¶ 3, Docket No. 95, Case No. 3:14-cv-0171-HRH.

exemption. Defendant contends that it properly asserted the deliberative process exemption.

In order to resolve the deliberative process issues in both the instant case and the -171 case, the court ordered defendant to

> submit ... for in camera review, in both redacted and unredacted form, the 118 documents referenced in Appendix A of plaintiff's request for production in Pebble Ltd. P'ship v. EPA, No. 3:14-cv-00171, as well as a random sample of 50% of the documents listed in defendant's Vaughn index[5] as being withheld in full.[6]

On September 16, 2015, defendant made a discretionary release of documents and portions of documents that it had previously withheld. Also on September 16, 2015, defendant submitted documents for the court's in camera review. Because of defendant's discretionary release, of the 118 Appendix A documents (the FACA documents), defendant submitted only 28 documents for in camera review. As for the Vaughn index documents (the FOIA documents), defendant selected 65 of the 130 documents withheld in full but then submitted only 40 of those 65 documents for in camera review because of its discretionary release.

---

[5] Defendant's "Vaughn index include[d] 247 documents, 130 of which were withheld in full and 117 or 118 [which] were redacted." Order re Motion for Summary Judgment; Partial Disposition at 5, Docket No. 53.

[6] Order re In Camera Review of Documents at 1, Docket No. 56 (footnote omitted).

Defendant now moves for summary judgment that it properly asserted the deliberative process exemption in response to plaintiff's January 2014 FOIA request and for an order that it properly asserted the deliberative process privilege as to the 28 FACA documents.

## Discussion

### The FOIA Documents

"Exemption 5 permits nondisclosure of 'inter-agency or intra-agency memorandums [sic] or letters which would not be available by law to a party other than an agency in litigation with the agency.'" Carter v. U.S. Dep't of Commerce, 307 F.3d 1084, 1088 (9th Cir. 2002) (quoting 5 U.S.C. § 552(b)(5)). "This provision shields 'those documents, and only those documents, normally privileged in the civil discovery context.'" Id. (quoting NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 149 (1975)). "Accordingly, it includes a 'deliberative process' privilege." Id. at 1088-89 (quoting Dep't of Interior v. Klamath Water Users Protective Assoc., 532 U.S. 1, 8 (2001)). "The purpose of this privilege is 'to allow agencies freely to explore possibilities, engage in internal debates, or play devil's advocate without fear of public scrutiny.'" Id. at 1089 (quoting Assembly of State of Cal. v. U.S. Dept' of Commerce, 968 F.2d 916, 920 (9th Cir. 1992)).

"To qualify for exemption 5 under the 'deliberative process' privilege, a document must be both (1) 'predecisional' or 'antecedent to the adoption of agency policy' and (2)

'deliberative,' meaning 'it must actually be related to the process by which policies are formulated.'" Nat'l Wildlife Federation v. U.S. Forest Service, 861 F.2d 1114, 1117 (9th Cir. 1988) (quoting Jordan v. United States Dep't of Justice, 591 F.2d 753, 774 (D.C. Cir. 1978)). "These twin requirements recognize that the underlying purpose of this privilege is to 'protect[] the consultative functions of government by maintaining the confidentiality of advisory opinions, recommendations, and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" Id. (quoting Jordan, 591 F.2d at 772).

Defendant bears the burden of proving that it properly asserted the deliberative process privilege. Yonemoto v. Dep't of Veterans Affairs, 686 F.3d 681, 688 (9th Cir. 2012). FOIA exemptions are to be "narrowly construed with doubts resolved in favor of disclosure." Church of Scientology Int'l v. U.S. I.R.S., 995 F.2d 916, 919 (9th Cir. 1993).

"'Representative sampling is an appropriate procedure to test an agency's FOIA exemption claims when a large number of documents are involved.'" Lardner v. F.B.I., 852 F. Supp. 2d 127, 137 (D.D.C. 2012) (quoting Bonner v. Dep't of State, 928 F.2d 1148, 1151 (D.C. Cir. 1991)). "If the sample is well-chosen, a court can, with some confidence, 'extrapolate its conclusions from the representative sample to the larger group of withheld materials.'" Id. (quoting Bonner, 928 F.2d at 1151).

As an initial matter, plaintiff argues that defendant submitted an invalid sample and that this invalid sample confirms that defendant has improperly withheld documents. Defendant represented that there were 130 documents withheld in full, but rather than producing 65 documents for in camera review, it only produced 40 documents[7] because it made a discretionary release of the 25 other documents. Plaintiff argues that defendant "cherry-picked" its sample to remove documents that it knew were not covered by the privilege. Plaintiff argues that defendant's discretionary release "indicates that the sample is not an accurate illustration of the whole." Lardner, 852 F. Supp. 2d at 137. Plaintiff insists that the fact that defendant released 38% of its original sample indicates that defendant was improperly withholding documents.

Not only did defendant not submit a random sample of 50% of the documents that it had withheld in full, of the 40 documents defendant submitted for in camera review, 11 of them were released in redacted form as part of defendant's discretionary release. That means that defendant submitted only 29 documents that have been withheld in full as its sample. If out of the 65 documents that defendant selected for its sample of documents withheld in full, it "erred" as to 36 documents[8] (i.e., 36 of the documents should have or

---

[7]Plaintiff uses the number 37 but defendant has submitted 40 FOIA documents for in camera review.

[8]25 documents were deleted from the sample of 65 plus 11 of the 40 documents that defendant submitted for in camera review were also released in part.

could have been released in full or in part), that is an "error rate" of 55%. See Bonner, 928 F.2d at 1154 n.13 ("To determine the error rate, the court would consider the unjustified withholdings compared to the total withholdings from all 63 documents"). Courts have found a 25% error rate to be "unacceptably high" and have required, in such cases, that the agency reevaluate all of its withheld documents to determine whether they were properly withheld or properly redacted. Meeropol v. Meese, 790 F.2d 942, 959-960 (D.D.C. 1986).

Defendant contends, however, that no negative inference should be drawn from its discretionary release. Defendant argues that its discretionary release does not call into question its assertions of the privilege. Defendant contends that it decided to release deliberative material to plaintiff in order to narrow the issues in the FACA case.[9] Defendant contends that the court should not focus on the material that it released, but rather should only focus on the 40 FOIA documents it has submitted for in camera review as those are the documents that it continues to withhold in full or in part.

But even if the court were to only focus on the 40 FOIA documents that defendant submitted, it would still conclude that defendant improperly withheld documents in full. As set out above, defendant released 11 of the 40 documents it submitted for in camera review in redacted form in its discretionary release. The redacted forms of these 11

---

[9]As plaintiff points out, many of the documents that defendant released should have been released to begin with because the portions that defendant released were not deliberative.

documents should have been released to begin with because "the agency must disclose '[a]ny reasonably segregable portion of a record ... after deletion of the [exempt] portions.'" Pacific Fisheries, Inc. v. U.S., 539 F.3d 1143, 1148 (9th Cir. 2008) (quoting 5 U.S.C. § 552(b)). As for the remaining 29 documents, defendant submitted redacted and unredacted forms of 22 of these documents, even though defendant supposedly withheld these documents in full. Although defendant seems to be suggesting that it is asserting the deliberative process privilege to the factual information itself in these documents, that is plainly not the case. On the documents themselves, defendant has indicated what parts of the documents it is asserting the privilege for and for 22 of the 29 documents, defendant has indicated that only part of the document or an attachment to the document is subject to the privilege. In other words, defendant has not asserted the privilege as to the entire document, which means that defendant could have released redacted forms of these 22 documents in response to plaintiff's January 2014 FOIA request.

Based on its in camera review of the FOIA documents, the court concludes that defendant has properly asserted the deliberative process exemption as to the redacted portions of the FOIA documents that it is claiming are exempt as well as to those few FOIA documents for which defendant has asserted the privilege as to the entire document. The FOIA documents are primarily drafts of the Bristol Bay Watershed Assessment or portions of the Assessment and internal emails and attachments. "Draft documents subject to

revision or containing proposed changes fall well within the deliberative process privilege." Kortlander v. Bureau of Land Mgmt., 816 F. Supp. 2d 1001, 1012 (D. Mont. 2011). Internal emails that contain substantive discussions would also fall within the deliberative process privilege. The problem here is not that the redacted parts of the documents are not pre-decisional and deliberative. The problem is that defendant withheld documents in full that it should have released in redacted form. It is thus reasonable for the court to assume that defendant has improperly withheld other non-sample documents in full. Plaintiff has the redacted version of 11 documents and is entitled to the redacted version of the other 22 documents. And, defendant must reevaluate the non-sample documents it withheld in full pursuant to FOIA Exemption 5 and release those documents that are not deliberative or those that can be released in redacted form.

### The FACA documents

The court must first determine whether defendant properly withheld the 28 documents pursuant to the deliberative process privilege. If these are in fact deliberative materials, then plaintiff may obtain them if its "need for accurate fact-finding override[s] the government's interest in non-disclosure." F.T.C. v. Warner Communications Inc., 742 F.2d 1156, 1161 (9th Cir. 1984).

> Among the factors to be considered in making this determination are: 1) the relevance of the evidence; 2) the availability of other evidence; 3) the government's role in the litigation; and 4) the extent to which disclosure would hinder frank and

>       independent discussion regarding contemplated policies and
>       decisions.

Id.

Plaintiff argues that defendant has improperly asserted the deliberative process privilege as to the FACA documents as evidenced by the documents that defendant has released, many of which plaintiff contends were not deliberative. Here, the court's focus is on the documents that defendant has submitted for <u>in camera</u> review. The court contemplated that defendant might produce some of the 118 documents without redactions and indicated that these documents would then "obviously drop out of the review process."[10]

As for the 28 documents, they are pre-decisional and deliberative as they are emails that contain substantive discussions about what will be included in the Bristol Bay Watershed Assessment. Plaintiff however is not entitled to obtain these documents, largely because they are not relevant to plaintiff's FACA claims. In order to prevail on its FACA claims, plaintiff must prove that defendant "utilized" or "established" an advisory committee that was composed of persons outside of the EPA. Approximately one-third of the FACA documents that defendant has submitted are internal EPA emails that were not sent to outside persons nor do the emails make any reference to persons outside of the EPA. These documents have no relevancy to plaintiff's FACA claims. As for the other 2/3

---

[10] Order re Motion for Summary Judgment; Partial Disposition at 6, Docket No. 53.

of the documents, there are only two emails that mention outside groups (other than contractors who were being paid to work on the Bristol Bay Watershed Assessment), but even these two emails have nothing to do with whether defendant was improperly establishing and utilizing advisory groups. Defendant's internal communications may be relevant to plaintiff's FACA claims if those emails contain discussions about defendant utilizing or establishing advisory committees, but the internal communications that have been submitted for in camera review do not contain such discussions. The 28 FACA documents have nothing to do with whether defendant utilized or established advisory committees, which is what is at issue in plaintiff's FACA case.

Nor does the government's role in this litigation indicate that plaintiff should be able to obtain these deliberative materials. "The only real guidance as to the application of this factor comes from the Warner case itself. In its discussion of the government's role, the Ninth Circuit appeared to be looking for evidence of bad faith[.]" Modesto Irrigation District v. Gutierrez, Case No. 1:06-cv-00453 OWW DLB, 2007 WL 763370, at *12 (E.D. Cal. March 9, 2007). Plaintiff argues that its FACA case is all about defendant's misconduct, namely that defendant improperly formed advisory committees. Thus, plaintiff argues that this factor should weigh in favor of disclosure because "[t]he deliberative process privilege yields ... when government misconduct is the focus of the lawsuit. In such instances, the government may not use the deliberative process privilege to shield its communications

from disclosure." Tri-State Hosp. Supply Corp. v. U.S., 226 F.R.D. 118, 134-35 (D.D.C. 2005). "Simply put, when there is reason to believe that government misconduct has occurred, the deliberative process privilege disappears." Id. at 135. Plaintiff argues that it has provided sufficient evidence that defendant engaged in misconduct, including the exhibits attached to its FACA complaint, the House Oversight Report, and the Cohen Report. Because the primary issue in the FACA case is whether defendant engaged in misconduct, plaintiff insists that defendant should not be able to shield its communications by asserting the deliberative process privilege. Plaintiff also argues that the deliberative process privilege should drop away in this case because this case involves defendant's intent. See, e.g., Children First Foundation, Inc. v. Martinez, Case No. 1:04-cv-0927 (NPM/RFT), 2007 WL 4344915, at *7 (N.D.N.Y. Dec. 10, 2007) (quoting In re Subpoena Duces Tecum Served on the Office of the Comptroller, 145 F.3d 1422, 1424 (D.C. Cir. 1998)) ("if the party's cause of action is directed at the government's intent in rendering its policy decision and closely tied to the underlying litigation then the deliberative process privilege 'evaporates'").

The issue in plaintiff's FACA case is whether defendant improperly formed and utilized advisory committees, which might mean that plaintiff's need for deliberative materials could override defendant's need for non-disclosure. But, here, because the 28 documents do not have anything to do with whether defendant improperly formed or used

advisory committees, there is simply no need for plaintiff to have unredacted versions of these deliberative materials. Defendant does not have to produce unredacted copies of the 28 FACA documents.

## Conclusion

Plaintiff's motion for a hearing[11] is denied.

Defendant's motion for miscellaneous relief[12] is granted in part and denied in part. The motion is granted as to the FACA documents. Defendant does not have to produce unredacted copies of the 28 documents. The motion is denied as to the FOIA documents. Defendant is ordered to (1) reevaluate all of the documents that it withheld in full pursuant to FOIA Exemption 5 when responding to plaintiff's January 2014 FOIA request and (2) report the results of the reevaluation to the court on or before February 12, 2016. If that report does not resolve plaintiff's January 2014 FOIA request, the court will entertain defendant's motion to resolve any remaining disagreement as to its FOIA compliance. As to the FOIA documents, defendant's motion for summary judgment remains unresolved.

DATED at Anchorage, Alaska, this 12th day of January, 2016

/s/ H. Russel Holland
United States District Judge

---

[11] Docket No. 70.

[12] Docket No. 61.