IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

PEBBLE LIMITED PARTNERSHIP,          )
                                     )
                         Plaintiff,  )
                                     )
           vs.                       )
                                     )
UNITED STATES ENVIRONMENTAL          )
PROTECTION AGENCY,                   )
                                     )   No. 3:14-cv-0199-HRH
                         Defendant.  )
_____)

O R D E R

Status Report

In this FOIA action, plaintiff alleges that defendant has improperly withheld documents pursuant to FOIA Exemption 5, the deliberative process exemption. Defendant contends that it properly asserted the deliberative process exemption.

In order to resolve the issue, defendant was ordered to submit for the court's in camera review a random sample of 50% of the documents listed in defendant's Vaughn index as being withheld in full.[1] Defendant had withheld 130 documents in full and so it selected 65 documents to be the random sample. However, rather than submitting these

---

[1]Order re In Camera Review of Documents at 1, Docket No. 56.

-1-

65 documents to the court for in camera review, defendant submitted only 40 documents because it had made a "discretionary release" of the other documents. The court's in camera review of the 40 documents revealed that 11 of those documents had been released in part. Of the 29 remaining documents, although defendant had originally withheld these documents in full, defendant appeared to now be claiming that only 7 of these documents should have been withheld in full. For the other 22 documents, defendant had indicated that only a part of the document or an attachment to the document was subject to the privilege. Thus, it was clear to the court that defendant had withheld documents in full that it should have released in redacted form and the court reasonably assumed "that defendant ha[d] improperly withheld other non-sample documents in full."[2] As a result, defendant was ordered to reevaluate all of the documents that it had withheld in full pursuant to FOIA Exemption 5 and to report the results of the reevaluation to the court on or before February 12, 2016.[3] On February 12, 2016, defendant submitted its report to the court.[4]

Defendant reports that it has reevaluated the 65 non-sampled, withheld-in-full FOIA documents and that after its review it "decided to discretionarily release 13 documents in

---

[2]Order re Motion for Miscellaneous Relief at 9, Docket No. 71.

[3]Id. at 13.

[4]Docket No. 72.

-2-

full and 42 documents in part."[5] Defendant further reported that it continues to withhold 10 documents in full pursuant to the deliberative process privilege.[6] In other words, as to the original 130 documents withheld in full, defendant is now withholding only <u>ten</u> of the documents in full. The other 120 documents have been released in whole or in part. Defendant offers to submit unredacted versions of the 42 documents it released in part for the court's <u>in camera</u> review and presumably defendant would be willing to submit the ten documents that it continues to withhold in full as well.

While plaintiff does not disagree that defendant should submit the foregoing documents for the court's <u>in camera</u> review, plaintiff argues that defendant must do more because defendant's latest discretionary release demonstrates that there is approximately an 85% error rate in defendant's withholdings. Defendant argues, however, that "[a] discretionary release of information protected by the deliberative process privilege does not call into question EPA's assertions of the privilege or the veracity of its declarants."[7] But defendant's argument ignores the fact that, as plaintiff points out, some of the documents that defendant has released, either in full or in redacted form, should never have been withheld to begin with. While there may be a difference between a concession

---

[5]Status Report at 3, Docket No. 72.

[6]<u>Id.</u> at 3-4.

[7]Reply to Plaintiff's Response to Defendant's Status Report at 2, Docket No. 78.

-3-

of error about privilege and a decision to release documents, in this instance, defendant's secondary review of documents which resulted in yet another "discretionary" release of more documents has done nothing to ameliorate the court's concern that the sample processing approved in this case did not work.  Moreover, it has done nothing to change the court's conclusion that defendant has improperly withheld documents in response to plaintiff's January 2014 FOIA request.

Because defendant has improperly withheld documents in full, plaintiff suggests that it is likely that defendant has also erred as to the 114 documents on the Vaughn index that were originally withheld in part.  Plaintiff requests that the court either order defendant to reevaluate these 114 documents or that the court order defendant to submit these documents to the court for in camera review.  Defendant contends that it is too late for plaintiff to ask the court to review the withheld-in-part documents because it was plaintiff who proposed that the sample include only withheld-in-full documents.

At this point, the court has no confidence that defendant has properly withheld documents, either in full or in part, pursuant to the deliberative process privilege.  Thus, defendant is ordered to 1) reevaluate the 114 documents on its Vaughn index that were originally withheld in part and either release the unredacted documents to plaintiff or submit any documents that defendant continues to withhold in part to the court for in camera review, 2) submit to the court for in camera review, unredacted versions of the 42

-4-

Case 3:14-cv-00199-HRH   Document 79   Filed 03/14/16   Page 4 of 5

of error about privilege and a decision to release documents, in this instance, defendant's secondary review of documents which resulted in yet another "discretionary" release of more documents has done nothing to ameliorate the court's concern that the sample processing approved in this case did not work.  Moreover, it has done nothing to change the court's conclusion that defendant has improperly withheld documents in response to plaintiff's January 2014 FOIA request.

Because defendant has improperly withheld documents in full, plaintiff suggests that it is likely that defendant has also erred as to the 114 documents on the Vaughn index that were originally withheld in part.  Plaintiff requests that the court either order defendant to reevaluate these 114 documents or that the court order defendant to submit these documents to the court for in camera review.  Defendant contends that it is too late for plaintiff to ask the court to review the withheld-in-part documents because it was plaintiff who proposed that the sample include only withheld-in-full documents.

At this point, the court has no confidence that defendant has properly withheld documents, either in full or in part, pursuant to the deliberative process privilege.  Thus, defendant is ordered to 1) reevaluate the 114 documents on its Vaughn index that were originally withheld in part and either release the unredacted documents to plaintiff or submit any documents that defendant continues to withhold in part to the court for in camera review, 2) submit to the court for in camera review, unredacted versions of the 42

documents it released in part after its secondary review, and 3) submit to the court for <u>in camera</u> review the ten documents that defendant continues to withhold in full. Documents shall be released or submitted for <u>in camera</u> review on or before April 14, 2016.

DATED at Anchorage, Alaska, this 14th day of March, 2016

/s/ H. Russel Holland
United States District Judge