IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

PEBBLE LIMITED PARTNERSHIP, )
)
               Plaintiff, )
)
  vs. )
)
UNITED STATES ENVIRONMENTAL )
PROTECTION AGENCY, )
) No. 3:14-cv-0199-HRH
               Defendant. )
_____)

O R D E R

In Camera Review

In this FOIA action, plaintiff alleged that defendant had not done an adequate search for responsive documents and that defendant had improperly asserted FOIA Exemptions 5 and 6 with respect to certain documents. Defendant moved for summary judgment and on August 24, 2015, the court granted the motion as to the adequacy of defendant's search and defendant's assertion of Exemption 6.[1] As to the Exemption 5 issue, defendant was ordered to submit to the court certain documents for in camera review and the parties were given leave to submit additional briefing on the Exemption 5 issue.[2] In its supplemental

---

[1] Order re Motion for Summary Judgment; Partial Disposition at 7, Docket No. 53.

[2] Order re In Camera Review of Documents at 1-2, Docket No. 56.

-1-

opening brief, defendant again moved for summary judgment that it had properly withheld documents pursuant to Exemption 5.[3]

The court granted defendant's second motion for summary judgment in part and denied it in part.[4] Defendant's second motion for summary judgment was granted as to the "FACA documents",[5] which were 28 documents referenced in Appendix A of plaintiff's request for production in Pebble Limited Partnership v. EPA, Case No. 3:14-cv-00171-HRH. Defendant's second motion for summary judgment was denied as to the FOIA documents,[6] which were the Vaughn index documents. Defendant was order "to (1) reevaluate all of the documents that it withheld in full pursuant to FOIA Exemption 5 when responding to plaintiff's January 2014 FOIA request and (2) report the results of the reevaluation to the court on or before February 12, 2016."[7] After receiving and reviewing defendant's report,[8] the court ordered defendant to

> 1) reevaluate the 114 documents on its Vaughn index that were originally withheld in part and either release the unredacted documents to plaintiff or submit any documents that defendant continues to withhold in part to the court for in camera

---

[3]Docket No. 61.

[4]Order re Motion for Miscellaneous Relief at 13, Docket No. 71.

[5]Id.

[6]Id.

[7]Id.

[8]Docket No. 72.

> review, 2) submit to the court for in camera review, unredacted versions of the 42 documents it released in part after its secondary review, and 3) submit to the court for in camera review the ten documents that defendant continues to withhold in full.[9]

Defendant reevaluated the Vaughn index documents[10] as ordered and released unredacted versions of 24 of these documents to plaintiff on April 14, 2016. Defendant then timely submitted the remaining documents for in camera review. The question before the court now is whether defendant properly asserted Exemption 5 as to these documents.

## Discussion

"Exemption 5 permits nondisclosure of 'inter-agency or intra-agency memorandums [sic] or letters which would not be available by law to a party other than an agency in litigation with the agency.'" Carter v. U.S. Dep't of Commerce, 307 F.3d 1084, 1088 (9th Cir. 2002) (quoting 5 U.S.C. § 552(b)(5)). "This provision shields 'those documents, and only those documents, normally privileged in the civil discovery context.'" Id. (quoting NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 149 (1975)). "Accordingly, it includes a 'deliberative process' privilege." Id. at 1088-89 (quoting Dep't of Interior v. Klamath Water Users Protective Assoc., 532 U.S. 1, 8 (2001)). "The purpose of this privilege is 'to allow agencies freely to explore possibilities, engage in internal debates, or play devil's advocate without

---

[9]Order re Status Report at 4-5, Docket No. 79.

[10]Defendant contends that there were 117 Vaughn index documents, not 114.

fear of public scrutiny.'" Id. at 1089 (quoting Assembly of State of Cal. v. U.S. Dept' of Commerce, 968 F.2d 916, 920 (9th Cir. 1992)).

"To qualify for exemption 5 under the 'deliberative process' privilege, a document must be both (1) 'predecisional' or 'antecedent to the adoption of agency policy' and (2) 'deliberative,' meaning 'it must actually be related to the process by which policies are formulated.'" Nat'l Wildlife Federation v. U.S. Forest Service, 861 F.2d 1114, 1117 (9th Cir. 1988) (quoting Jordan v. United States Dep't of Justice, 591 F.2d 753, 774 (D.C. Cir. 1978)). "These twin requirements recognize that the underlying purpose of this privilege is to 'protect[] the consultative functions of government by maintaining the confidentiality of advisory opinions, recommendations, and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" Id. (quoting Jordan, 591 F.2d at 772). "Draft documents subject to revision or containing proposed changes fall well within the deliberative process privilege." Kortlander v. Bureau of Land Mgmt., 816 F. Supp. 2d 1001, 1012 (D. Mont. 2011). Internal emails that contain substantive discussions would also fall within the deliberative process privilege.

Communications between an agency and its contractors can be considered intra-agency communications "if the consultant 'does not represent an interest of its own, or the interest of any other client, when it advises the agency that hires it.'" Sakamoto v. U.S. Environmental Protection Agency, 443 F. Supp. 2d 1182, 1191 (N.D. Cal. 2006) (quoting Dep't of Interior v. Klamath Water Users Protective Ass'n, 532 U.S. 1, 9 (2001)). The

contractors hired by defendant to perform certain tasks in connection with the Bristol Bay Watershed Assessment (BBWA) were used by defendant to inform its decision-making process. Thus, communications between these contractors and defendant are treated as intra-agency communications to which Exemption 5 could apply.

Defendant bears the burden of proving that it properly asserted the deliberative process privilege. Yonemoto v. Dep't of Veterans Affairs, 686 F.3d 681, 688 (9th Cir. 2012). FOIA exemptions are to be "narrowly construed with doubts resolved in favor of disclosure." Church of Scientology Int'l v. U.S. I.R.S., 995 F.2d 916, 919 (9th Cir. 1993).

## Defendant's Group One

Group One consists of the ten documents that defendant continues to withhold in full. The court has reviewed these ten documents and determined that defendant shall release the following two documents in full to plaintiff because they are not deliberative:

1) Document No. EPA-2963-0001885[11]

2) Document No. EPA-2963-0002107[12]

## Defendant's Group Two

Group Two consists of the 42 documents that defendant released in part to plaintiff on September 16, 2015. The court has reviewed these 42 documents and determined that

---

[11]Tab 4 in the Group One binder that defendant submitted to the court for in camera review.

[12]Tab 5 in the Group One binder that defendant submitted to the court for in camera review.

defendant shall release the following document in full to plaintiff because it is not deliberative:

1) Attachment 1 to Document No. EPA-2963-0002113[13]

### Defendant's Group Three

Group Three consists of the remaining 93 Vaughn index documents that defendant originally withheld in part. The court has reviewed these 93 documents and defendant is ordered to make the following releases:

1) Document No. EPA-2963-0000039.[14] This document shall be released without any Exemption 5 redactions because defendant has released the redacted information in other documents.

2) Document No. EPA-2963-0000045; Document No. EPA-2963-0000052; and Document No. EPA-2963-0000919.[15] These documents shall be released without any Exemption 5 redactions because the portions of the documents that defendant has redacted are no different from the portions that defendant has released.

---

[13]Tab 18 in the Group Two binders that defendant submitted to the court for in camera review.

[14]Tab 1 in the Group Three binders that defendant submitted to the court for in camera review.

[15]Tab 2, Tab 3, and Tab 66 respectively in the Group Three binders that defendant submitted to the court for in camera review.

3) Document No. EPA-2963-0000081.[16] Defendant shall release pages one through the last paragraph on page nine because this portion of the document is not deliberative. From "Items of Note" to the end, the document was appropriately redacted under Exemption 5.

4) Document No. EPA-2963-0000112; Document No. EPA-2963-0000185; Document No. EPA-2963-0000205; Document No. EPA-2963-0000224; and Document No. EPA-2963-0000296.[17] These documents shall be released without the Exemption 5 redactions because the redacted portions are not deliberative.

5) Document No. EPA-2963–0000335; Document No EPA-2963-0000347; Document No. EPA-2963-0000484; Document No. EPA-2963-0000497; Document No. EPA-2963-0000540; Document No. EPA-2963-0000556; Document No. EPA-2963-0000694; and Document No. EPA-2963-0000706.[18] Defendant shall release these documents with the "Media Outlet" section unredacted because that section is not deliberative. The other Exemption 5 redactions in these documents were appropriate.

---

[16]Tab 6 in the Group Three binders that defendant submitted to the court for in camera review.

[17]Tab 7, Tab 9, Tab 10, Tab 11, and Tab 17 respectively in the Group Three binders that defendant submitted to the court for in camera review.

[18]Tab 21, Tab 22, Tab 37, Tab 39, Tab 44, Tab 46, Tab 60, and Tab 62 respectively in the Group Three binders that defendant submitted to the court for in camera review.

6) Document No. EPA-2963-0000381; Document No. EPA-2963-0000391; Document No. EPA-2963-0000400; Document No. EPA-2963-0000627; and Document No. EPA-2963-0000736.[19] Defendant shall release these documents with the "Media Outlet" section unredacted because that section is not deliberative. The other Exemption 5 redactions in these documents were appropriate.

7) Document No. EPA-2963-0000649.[20] Defendant shall release the last paragraph of this document involving an October 7-11 Summit as this paragraph is not deliberative. The other Exemption 5 redactions in this document were appropriate.

8) Document No. EPA-2963-0002059 and Document No. EPA-2963-0002703.[21] These documents shall be released in full because the redacted portions are not deliberative.

Conclusion

Based on the foregoing, the remaining portion of defendant's second motion for summary judgment[22] is denied in part and granted in part. By agreement of the parties,[23]

---

[19] Tab 26, Tab 28, Tab 30, Tab 54, and Tab 63 respectively in the Group Three binders that defendant submitted to the court for in camera review.

[20] Tab 56 in the Group Three binders that defendant submitted to the court for in camera review.

[21] Tab 80 and Tab 85 respectively in the Group Three binders that defendant submitted to the court for in camera review.

[22] Docket No. 61.

[23] Order re Case Status, Scheduling at 2, ¶ 4, Docket No. 30.

defendant's motion for summary judgment was the vehicle employed by the parties for resolving plaintiff's complaint for compliance with FOIA. As a consequence of this order, the court has resolved all remaining disagreements between plaintiff and defendant as regards defendant's FOIA obligations to plaintiff, with the result that a few additional documents (or portions of documents) have now been ordered released to plaintiff. This order resolves all of plaintiff's claims in this matter.

Defendant shall provide notice to the court once it has complied with this order, which the court expects defendant to do promptly. The court will then enter a final judgment in this case.

DATED at Anchorage, Alaska, this 14th day of June, 2016.

/s/ H. Russel Holland
United States District Judge